**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 31 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JOHNNY DUNCAN,

      Plaintiff-Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS,

      Defendant-Appellee.

No. 00-1365
(D.C. No. 97-WY-876-CB)
(D. Colo.)

ORDER AND JUDGMENT *

Before **EBEL** , **PORFILIO,** and **KELLY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Johnny Duncan, proceeding pro se, appeals from the district court's judgment entered in favor of defendant following a five-day jury trial. We affirm.

Mr. Duncan, an African-American, was employed by the Colorado Department of Corrections (CDOC) from 1989 to 1992, when he was terminated. In 1996, Mr. Duncan brought suit against the CDOC, various individual defendants, the Department of Labor and Employment, and Employers Unity, Inc. alleging violations of 42 U.S.C. §§ 1981, 1983, and 1985, as well as violations of United States Constitutional Amendments Nos. I, IV, V, XIII, and XIV. He also alleged Title VII violations of racial discrimination, retaliation, and constructive discharge. The district court dismissed plaintiff's Title VII claims against the individual defendants, the Department of Labor and Employment, and Employers Unity, Inc. The court also dismissed the civil rights claims as time barred. Trial proceeded on the Title VII claims only against the Department of Corrections.

On appeal, Mr. Duncan raises thirty claims challenging all aspects of this case. We have reviewed the entire record and the transcript, which we ordered transcribed. Mr. Duncan has failed to raise any error sufficient to warrant reversal of the jury's verdict and the district court's judgment.

Mr. Duncan argues that the district court erred in dismissing his civil rights claims as time barred. He admits he brought the claims over two years after the

-2-

events occurred, thus warranting dismissal under Reynolds v. Sch. Dist. No. 1, 69 F.3d 1523, 1532 (10th Cir. 1995) (applying Colo. Rev. Stat. § 13-80-102(1)(i)). However, Mr. Duncan argues that the four-year statute of limitations found at 28 U.S.C. § 1658 should apply, citing Stewart v. Coors Brewing Co., No. CIV. A.97-B-1467, 1998 WL 880462 (D. Colo. Dec. 14, 1998), aff'd, 217 F.3d 1285 (10th Cir. 2000), cert. denied, 121 S. Ct. 774 (2001). We have rejected this argument. See Laurino v. Tate, 220 F.3d 1213, 1217-18 (10th Cir. 2000). The district court correctly applied the Colorado two-year statute of limitations to Mr. Duncan's civil rights claims and properly dismissed them as untimely.

Mr. Duncan asserts defense counsel should have been sanctioned for various acts. We review for an abuse of discretion, the trial court's decision on whether to impose sanctions based on its inherent power. See Chambers v. NASCO, Inc., 501 U.S. 32, 55 (1991). The district court has the inherent power to "levy sanctions in response to abusive litigation practices." Roadway Express, Inc. v. Piper, 447 U.S. 752, 765 (1980). Here, the district court found no such abuse nor has Mr. Duncan shown how he was ultimately harmed by opposing counsel's alleged misrepresentations. The district court did not abuse its discretion in denying sanctions.

Mr. Duncan contends errors occurred in the jury instructions.

[W]e review a trial court's decisions regarding jury instructions for abuse of discretion . . . . The instructions as a whole need only

-3-

convey a correct statement of the applicable law.  In considering the instructions on appeal, we take into account all the jury heard, and from the standpoint of the jury, decide not whether the charge was faultless in every particular, but whether the jury was misled in any way.

Nat'l Envtl. Serv. Co. v. Ronan Eng'g Co., No. 99-5206, 2001 WL 791890, at *8 (10th Cir. Jul. 13, 2001) (citations and quotation omitted).

Mr. Duncan failed to preserve this issue for appeal by making proper objection in the district court.  See Giron v. Corrections Corp. of Am., 191 F.3d 1281, 1288-89 (10th Cir. 1999).  Nevertheless, we have reviewed the instructions given at trial and have determined that the jury was properly instructed.

Mr. Duncan argues the district court erred in various rulings it made concerning the discovery process and in the admission of evidence at trial.  We review discovery rulings for an abuse of discretion.  See Cole v. Ruidoso Mun. Schs., 43 F.3d 1373, 1386 (10th Cir. 1994).  Similarly, evidentiary rulings "generally are committed to the very broad discretion of the trial judge, and they may constitute an abuse of discretion only if based on an erroneous conclusion of law, a clearly erroneous finding of fact or a manifest error in judgment."  Webb v. ABF Freight Sys., Inc., 155 F.3d 1230, 1246 (10th Cir.1998).  Even if we were to find an erroneous ruling, Mr. Duncan would be entitled to a new trial only if the error affected his substantial rights.  See id.  No reversible error occurred.

Mr. Duncan also contends the court erred in not holding defendant liable as a matter of law. He posits that the jury should have been allowed to only determine damages. "[I]t is the sole province of the jury to appraise credibility, draw inferences, determine the weight to be given testimony and to resolve conflicts in the facts." Dugan v. EMS Helicopters, Inc., 915 F.2d 1428, 1430 (10th Cir. 1990). "Whether the defendant was in fact motivated by discrimination is of course for the finder of fact to decide. . . ." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 154 (2000) (Ginsburg, J. concurring). The determination of defendant's liability was properly considered by the jury.

Mr. Duncan asserts the trial judge erred by asking questions of witnesses. A "trial judge is not a mere moderator or umpire and within reasonable bounds has the right to participate in eliciting the truth . . . ." Glazerman v. United States, 421 F.2d 547, 553 (10th Cir. 1970). The transcript shows the judge's questions were neither partisan, nor were they argumentative or accusatorial: "It can hardly be said that the trial judge's questions constituted extensive participation in the trial . . . . Furthermore, the questions propounded to the witnesses by the court shed new light on the evidence." Id. Most tellingly, the trial judge instructed the jury not to assume that his inquiry reflected his opinion on issues his questions addressed and, in fact, he apprized the jury that they were

"at liberty to disregard all comments of the Court" in reaching a verdict. Rec. Vol. V at 548. No error occurred.

Mr. Duncan also argues that the evidence did not support the jury's verdict. In reviewing whether the evidence is sufficient to support the jury's verdict for defendant, we may only

> ascertain[] whether that verdict is supported by substantial evidence when the record is viewed in the light most favorable to the prevailing party. Substantial evidence, while something less than the weight of the evidence, is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, even if different conclusions also might be supported by the evidence. Under this standard, it is not the function of the appeals court to reverse merely if it believes the evidence might have supported a different verdict. If there is an evidentiary basis upon which the verdict can be supported, the jury's determinations will be left undisturbed, even where there is substantial contradictory evidence that could have supported an opposite verdict. . . . [A] jury finding based on sharply conflicting evidence is binding on appeal.

Kenworthy v. Conoco, Inc. , 979 F.2d 1462, 1468 (10th Cir. 1992) (citations and quotations omitted). The evidence adduced here was sufficient to permit the jury to find as it did.

We have considered Mr. Duncan's remaining arguments. They are either waived for failure to raise them to the district court, see Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992), or they are without merit. Further, we reject Mr. Duncan's effort to incorporate pleadings from the district court in

-6-

his appellate brief.   See Gaines-Tabb v. ICI Explosives, USA, Inc.   , 160 F.3d 613, 623-24, 25 (10th Cir. 1998).

The judgment of the United States District Court for the District of Colorado is AFFIRMED.    The mandate shall issue forthwith.


                                        Entered for the Court


                                        David M. Ebel
                                        Circuit Judge