**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GLEN TOWNSEND,

　　Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

　　Defendant - Appellee.

No. 02-3142
D.C. No. 01-CV-2496-JWL
(D. Kansas)

### ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **HENRY** and **BRISCOE**, Circuit Judges.

　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

　　Glen Townsend, appearing pro se, appeals the district court's dismissal of his civil action.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Townsend was a resident of the Veterans Administration Medical Center (VAMC) Domiciliary in Leavenworth, Kansas, from May 1999 until November 1999 as part of the homeless veterans program. He left the VAMC in November 1999 to attend a "Veterans' Stand Down" and to work in Kansas City. Although he alleges that before he left he informed staff that he would be working in the temporary labor market in the Kansas City area, and that he tried to check in while he was absent, he was discharged from the VAMC domiciliary as "absent without leave" on or about November 22, 1999.

On December 22, 1999, Townsend returned to VAMC to recover his personal property that he had left in his room. He discovered several items of personal property were missing. Townsend filed an administrative tort claim on March 29, 2000, claiming he was improperly deprived of his personal property. His claim was denied on July 26, 2000, and he received notice of the denial on July 31, 2000. Townsend's request for reconsideration was denied on November 2, 2000. The uncontroverted evidence established that notice of the November 2 decision was sent, via certified letter, to Townsend's residence.

Townsend filed this action on October 10, 2001, alleging he was wrongfully discharged from the homeless veterans program and that the VAMC staff negligently maintained his personal property. The district court granted defendant's motion to dismiss, finding that the court did not have subject matter jurisdiction of his wrongful

discharge claim and that his loss of property claim was barred by the six-month statute of limitations contained in 28 U.S.C. § 2401(b).

## II.

This court reviews de novo the district court's determination that it was without subject matter jurisdiction and that the loss of property claim was barred by the statute of limitations. See Laurino v. Tate, 220 F.3d 1213, 1216 (10th Cir. 2000) (discussing statute of limitations); U.S. West Inc. v. Tristani, 182 F.3d 1202, 1206 (10th Cir. 1999) (discussing subject matter jurisdiction).

The district court construed Townsend's wrongful discharge claim as being a decision of the Secretary of Veterans' Affairs that was beyond its purview pursuant to 38 U.S.C. § 511(a).

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. 511(a). Because domiciliary care is a "benefit" the Secretary of Veterans' Affairs is permitted to provide, see, e.g., 38 U.S.C. § 1701, we find the district court correctly concluded that it lacked subject matter jurisdiction to review this claim. See Weaver v. United States, 98 F.3d 518, 519-20 (10th Cir. 1996).

Townsend properly filed an administrative claim for negligent loss of property on

3

March 29, 2000.  The claim was denied via certified letter on July 26, 2000, and his motion to reconsider was denied on November 2, 2000, again via certified letter.  Nearly one year later, on October 10, 2001, Townsend filed this action in the district court.  "A tort claim against the United States shall be forever barred unless it is . . . begun within six months *after the date of mailing,* by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b) (emphasis added).  We agree with the district court's finding that the statute of limitations began to run on November 2, 2000, and that the claim was barred.[1]

The judgment of the district court is AFFIRMED.  Townsend's "Motion to Support Appeal" has been treated as additional authority in support of his appeal.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1] Townsend contends that he did not live at the address where the notice was sent from July 6, 2001, through November 11, 2001.  Br. at 3.  However, the letter was mailed on November 2, 2000, and whether Townsend lived at that address in July 2001 is irrelevant.