**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 10 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re:

SAFECO INSURANCE POLICY,
with Charles and Shannon Skinner,

---

CHARLES SKINNER and SHANNON
SKINNER, a married couple, and
Derek Skinner, their minor son,

     Respondents-
     Counterplaintiffs-Appellees,

v.

SAFECO INSURANCE COMPANY,

     Petitioner-Counterdefendant.

---

JEFFRIES AND RUGGE, P.C.,
and RIPLEY B. HARWOOD, Jointly
and Severally,

     Attorneys-Appellants.

No. 03-2105
(D.C. No. CIV-02-1504 WJ/WWD)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

\*     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding

(continued...)

Before **LUCERO** , **McKAY** , and **TYMKOVICH** , Circuit Judges.

Appellants Jeffries and Rugge, P.C., and Ripley B. Harwood, Esq. ("Counsel"), appeal the district court's order awarding sanctions against them jointly and severally, under Fed. R. Civ. P. 11(b)(2), for removing a case to federal court in an untimely fashion on behalf of their former client, Safeco Insurance Company.    In awarding sanctions, the district court held that Counsel's "belief that the 30-day [removal] time limit" under 28 U.S.C. § 1446(b) "did not begin to run until the state court ruled on Safeco's motion to dismiss . . . was not objectively reasonable." Aplt. App., Vol. II at 343. "Safeco simply does not show how any reasonable attorney could believe that this case was removable nine months after" it became clear that diversity jurisdiction existed.      Id.

Our jurisdiction arises under 28 U.S.C. § 1291.  On appeal, Counsel assert the district court erred (1) in awarding sanctions, and (2) in construing Counsel's state court motion to appoint a competent and disinterested umpire as "a lawsuit-initiating legal complaint." Aplt. Opening Br. at 3.

---

[*](...continued)
precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Federal Rule 11 requires an attorney to certify that any paper he or she submits to the court is not presented for any improper purpose, that it contains claims either warranted by existing law or by an argument for a change in the law, and that it makes factual allegations that have or are likely to have evidentiary support.  Fed. R. Civ. P. 11.  "We review all aspects of the district court's Rule 11 determination for abuse of discretion."  Laurino v. Tate , 220 F.3d 1213, 1218 (10th Cir. 2000);  see also  Cooter & Gell v. Hartmarx Corp.  , 496 U.S. 384, 405 (1990).  Reversal is appropriate only if the district court "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence."  Hughes v. City of Fort Collins  , 926 F.2d 986, 988 (10th Cir. 1991) (quoting  Cooter & Gell , 496 U.S. at 405).

Having reviewed the briefs, the record, and applicable law in light of the above-mentioned standards, we cannot say that the district court's imposition of sanctions amounts to an abuse of discretion.  We therefore      **AFFIRM**  the district court's grant of sanctions for substantially the same reasons as stated in its memorandum opinion and order dated March 31, 2003.

Entered for the Court


Carlos F. Lucero
Circuit Judge