**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RAMIRO N. BERNAL,

      Plaintiff-Appellant,

v.

PHILL KLINE, Attorney General, in
his official capacity; GEARY
COUNTY BOARD OF COUNTY
COMMISSIONERS,

      Defendants-Appellees.

No. 05-3274
(D.C. No. 04-CV-3457-SAC)
(Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ, SEYMOUR**, and **McCONNELL**, Circuit Judges.

---

Plaintiff-Appellant Ramiro Bernal, a state inmate appearing *pro se*, appeals

the district court's order dismissing his 42 U.S.C. § 1983 action as untimely and

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).
The case is therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, or
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of
10th Cir. R. 36.3.

for failure to state a claim upon which relief may be granted. The district court granted Mr. Bernal's motion to proceed *in forma pauperis*. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

On or around August 14, 2002, Mr. Bernal's probation was revoked and he was held in custody at the Geary County Jail in Junction City, Kansas for approximately sixty days. Rec. at 1 (Compl. at 4). On approximately October 14, 2002, he was transferred from the Geary County jail to the Clay Center County Jail, where he was held until November 27, 2002. *Id.* In his civil rights action, Mr. Bernal claims he was incarcerated approximately twenty-two days beyond the expiration of both his sentence and the maximum sentence permitted for his charge. *Id.* In other words, he claims he should have been released from prison on approximately November 5, 2002, twenty days after he was transferred from Junction City to the Clay Center jail. Mr. Bernal did not sue the Clay County officials who allegedly held him in confinement beyond the expiration of his sentence, but instead sued numerous Geary County officials, who he contends violated his constitutional rights by transferring him to Clay County. Mr. Bernal evidently views the transfer as directly responsible for his allegedly illegal confinement. However, he failed to explain in his pleadings either to this court or the district court why this is so.

Mr. Bernal's § 1983 action was filed on December 7, 2004, more than two

years after November 27, 2002, the date on which he was released from his allegedly illegal confinement and more than two years after October 14, 2002, the date on which defendants transferred him to the Clay County jail. Thus, regardless of which date is pertinent to Mr. Bernal's claims, Kansas's two-year statute of limitations had run as to both by the time he filed this action. Kan. Stat. Ann. § 60-513(a)(4) (2004). The district court ordered Mr. Bernal to show cause why his action should not be dismissed as time barred, and also why his claim for damages was not subject to and barred by the United States Supreme Court holding in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).[1] Rec. at 5. Mr. Bernal responded to the order to show cause, stating that he submitted his action, as well as a notice of intent to file, to prison officials for "processing" on November 25, 2004. Rec. at 6. He further stated that he applied for *in forma pauperis* status on the same date. *Id.* Finally, Mr. Bernal contended his action should be considered timely filed under the so-called Prisoner Mailbox Rule, which provides a prisoner's § 1983 action will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court receives the filing. *Price v. Philpot*, 420 F.3d 1158, 1162-64 (10th Cir.

---

[1] The court also alerted Mr. Bernal in its order to show cause that "[t]o the extent [Mr. Bernal] seeks damages based on defendants' alleged violation of 18 U.S.C. § 241 and 242, [Mr. Bernal] has no standing to assert jurisdiction under these federal criminal statutes which neither authorize civil actions nor create civil liabilities on the part of any defendant." Rec. at 5, p. 3. Mr. Bernal did not address the court's statement in his response to the order to show cause, and neither does he challenge it on appeal.

2005).

The district court found that Mr. Bernal did not establish he had submitted his action for *mailing by* November 27, 2005, as required by the mailbox rule. Rec. at 13. In reaching this determination, the court pointed to the financial statements accompanying Mr. Bernal's *ifp* motion, which contain a certification date of November 30, 2004. *Id.* at p. 2. The court noted that the Prisoner Mailbox Rule has been narrowly interpreted and requires proof that the prisoner submitted filings for mailing to prison officials, accompanied by adequate postage.[2] Because Mr. Bernal failed to establish he had submitted a completed action for mailing, rather than processing, accompanied by adequate postage, and because his several filings contain conflicting dates, the district court dismissed the action as untimely. Moreover, the court noted that even if the action was

---

[2] The prisoner has the burden of proving that he submitted his action for mailing before the filing deadline. *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005). "An inmate can establish the date on which he . . . gave the papers to be filed with the court to a prison official in one of two ways. First, if the prison has a legal mail system, then the prisoner must use it as a means of proving compliance with the mailbox rule . . . . The second mechanism for establishing a filing date for purposes of the mailbox rule must be used if the inmate does not have access to a legal mail system – or if the existing legal mail system is inadequate to satisfy the mailbox rule. In either of these circumstances, the mandatory method by which a prisoner . . . proves compliance with the mailbox rule is to submit a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement setting forth the notice's date of deposit with prison officials and attest that first-class postage was pre-paid." *Id.* (citations and internal quotation marks omitted). Moreover the declaration or notarized statement must indicate that its contents are true under penalty of perjury. *Id.* at 1166 n.6 (citations and internal quotation marks omitted). The district court noted that Mr. Bernal failed to satisfy these requirements.

timely filed as to the November 27 deadline, it was not timely filed as to the accrual deadline implicated by Mr. Bernal's actual claims. In other words, the court recognized that Mr. Bernal sued Geary County officials, who he claimed transferred him in violation of his rights to a Clay County jail, not the Clay County officials who allegedly were responsible for his illegal confinement. The transfer by defendants occurred on or around October 14, 2002, more than twenty days prior to the expiration of Mr. Bernal's sentence. If it is the transfer Mr. Bernal challenges rather than his continued confinement, the true accrual date for his action was October 14, not November 27.

In the present appeal, Mr. Bernal challenges the district court's determination that the timeliness of his action is not saved by the Prisoner Mailbox Rule. He further states that "pre-trial discovery" would enable him to establish that his transfer by defendants to a Clay County jail resulted in his eventual illegal confinement. Aplt. Br. at 2. We review *de novo* the district court's determination that Mr. Bernal's action is barred by the statute of limitations. *See Laurino v. Tate*, 220 F.3d 1213, 1216 (10th Cir. 2000). Because Mr. Bernal proceeds *pro se*, we liberally construe his pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

"In civil rights actions brought under 42 U.S.C. § 1983, we apply the applicable state statute of limitations." *Price*, 420 F.3d at 1162, citing *Abbitt v.*

*Franklin*, 731 F.2d 661, 663 (10th Cir. 1984) (en banc).  In this case, Kansas's two-year statute of limitations applies.  *See Laurino*, 220 F.3d at 1216.  The dispositive question for this appeal is when, exactly, the two-year limitations period began to run.  We agree with the district court that it began to run on October 14, 2002, and therefore the filing deadline for the present action was October 14, 2004.  Mr. Bernal does not claim, nor is there evidence in the record to suggest, that he filed the present action on or before October 14, 2004.  Rather he contends the accrual date should be November 27, 2002, the date he was released from illegal confinement.  Beyond stating that he could discover how the named defendants were responsible for his illegal confinement, Mr. Bernal does not even suggest how his transfer by defendants to another county during his legal confinement resulted in the other county holding him beyond the expiration of his sentence.  Moreover, Mr. Bernal reasserts in his appeal that he correctly sued defendants and intended to challenge the transfer, an action that occurred on October 14, 2002.  Accordingly, his complaint, filed on December 7, 2004 is untimely even if it was properly submitted for mailing to prison officials on November 25, 2004.

We **AFFIRM** the dismissal of Mr. Bernal's case.  He is reminded that he is obligated to continue making partial payments until the balance of his appellate filing fee is paid in full.

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge