FILED
United States Court of Appeals
Tenth Circuit

March 12, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ALYSSA DANIELSON-HOLLAND;
JAY HOLLAND,

       Plaintiffs-Appellants,

v.

STANDLEY AND ASSOCIATES, LLC.,

       Defendant-Appellee.

No. 12-1021
(D.C. No. 1:09-CV-01474-RPM-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

Alyssa Danielson-Holland and her attorney in the district court, Craig Ehrlich, appeal from the court's order granting costs and attorney's fees to Standley and Associates, LLC.[1]  We affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    The appellants' brief states that Jay Holland is not an appellant, even though the notice of appeal listed him as an appellant.

BACKGROUND

In the first amended complaint, Ms. Danielson-Holland and her husband Jay Holland asserted several claims against Standley under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* Standley moved for summary judgment. The magistrate judge recommended that summary judgment be granted on all claims except the claim that Standley violated § 1692d(2) when its employee allegedly used abusive language during a telephone call in order to collect a debt. Ms. Danielson-Holland asserted that the employee told her to "get a job," after she told him that she was a stay-at-home mother. Standley disputed that this occurred. The magistrate judge recommended that because there was a disputed issue of fact whether the debt collector used abusive language with Ms. Danielson-Holland, this claim should be allowed to proceed. The district court adopted the magistrate judge's recommendation.

The abusive-language claim was tried before a jury. During trial, the district court denied Standley's motions for a directed verdict, which were presented at the close of both parties' cases. The jury found that Ms. Danielson-Holland did not prove a violation of § 1692d(2).

Thereafter, Standley sought attorney's fees and costs. The district court awarded Standley attorney's fees of $9,350.00 against Mr. Ehrlich under 28 U.S.C. § 1927, finding that he "proceed[ed] to trial without plausible evidence to support the

claim made." Aplt. App., Vol. I, at 186. Also, the court awarded Standley costs of $1,862.30 against Ms. Danielson-Holland under Fed. R. Civ. P. 54(d).

## JURISDICTION

We asked the Hollands to address whether they have standing to appeal the award of attorney's fees when the district court imposed fees solely against Mr. Ehrlich, who did not file a notice of appeal. The notice of appeal stated that the Hollands intended to appeal the award of attorney's fees and costs to Standley. It did not name Mr. Ehrlich as an appellant or mention him, apart from his signing the notice of appeal as counsel. But it is clear that he intended to appeal, because the notice of appeal stated that the appeal was from the award of attorney's fees and costs and the attorney's fees were imposed only on Mr. Ehrlich. *See* Fed. R. App. P. 3(c)(4) ("An appeal must not be dismissed . . . for failure to name a party whose intent to appeal is otherwise clear from the notice."); *Laurino v. Tate*, 220 F.3d 1213, 1218 (10th Cir. 2000) (holding notice of appeal provided sufficient notice of counsel's intent to appeal where notice stated appeal was from order sanctioning attorney). Accordingly, we conclude that we have jurisdiction to consider an appeal by Mr. Ehrlich.

## ATTORNEY'S FEES

Mr. Ehrlich argues that the district court misapplied the principles governing imposition of attorney's fees sanctions under § 1927 when the court decided that he proceeded to trial without plausible evidence to support the abusive-language claim.

He asserts that because the court denied Standley's motion for summary judgment on the claim and twice denied Standley's motions for a directed verdict, allowing the case to go to the jury, the court necessarily decided that there was a plausible factual basis for proceeding to trial. By allowing the claim to proceed, he contends it was inappropriate for the court to impose sanctions on him for continuing to pursue a claim with the court's permission. Also, he contends that the claim was plausible in law because Ms. Danielson-Holland had alleged that Standley's employee violated § 1692d(2) by using abusive language.

"We review an award of sanctions under § 1927 only for an abuse of discretion." *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008). "But we review de novo any statutory interpretation or other legal analysis underlying the district court's decision concerning attorneys' fees." *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1221 (10th Cir. 2006) (internal quotation marks omitted).

Under § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." Section 1927 focuses on whether an attorney's conduct "imposes unreasonable and unwarranted burdens on the court and opposing parties." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc). "Sanctions under § 1927 are appropriate when an attorney acts recklessly or with indifference to the law. They may also be awarded when an attorney is cavalier or bent on misleading the

- 4 -

court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted." *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278 (10th Cir. 2005) (alteration in original) (citation omitted) (internal quotation marks omitted). An attorney is expected to exercise judgment. *See Braley*, 832 F.2d at 1512. We will not "excuse objectively unreasonable conduct." *Hamilton*, 519 F.3d at 1202; *see also Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005) ("If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." (internal quotation marks omitted)). An attorney must "regularly re-evaluate the merits" of claims and "avoid prolonging meritless claims." *Steinert*, 440 F.3d at 1224.

Applying these legal standards to the facts of this case, we conclude the district court did not abuse the court's discretion in awarding Standley attorney's fees against Mr. Ehrlich. Although Ms. Danielson-Holland's deposition testimony persuaded the magistrate judge and the district court that the abusive-language claim should proceed, Mr. Ehrlich should have realized upon careful continual re-evaluation of the claim as he prepared for trial that he lacked evidence, particularly telephone records, supporting her assertion and testimony. Ms. Danielson-Holland was unable during trial to answer questions about details of the allegedly abusive telephone call, including when it occurred, even though the case was filed two years before trial and despite having been questioned about the

call during her deposition. Indeed, there was no evidence, apart from Ms. Danielson-Holland's testimony, to support a finding that a Standley employee made a telephone call using abusive language. Mr. Ehrlich therefore either failed to properly prepare for trial or the evidence did not exist to establish the call occurred. In either case, he proceeded to trial when he should have known there was no basis to proceed. In addition, during trial, the district court noted that Mr. Ehrlich was pursuing the smallest claim after all other claims had been dismissed and that the court did not know why he was pursuing it.[2] Based on these facts, Mr. Ehrlich objectively vexatiously and unreasonably multiplied the proceedings at Standley's expense. *See Hamilton*, 519 F.3d at 1203.

Mr. Ehrlich cites *Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*, 603 F.3d 943, 954-55 (Fed. Cir. 2010),[3] to support his argument that because the district court denied summary judgment and two motions for a directed verdict, it was objectively reasonable to pursue the abusive-language claim. *Medtronic*, a patent case, is procedurally and factually dissimilar and therefore distinguishable. In that case, after the district court had denied the

---

[2] The district court's compliment to counsel for expeditiously submitting the case does not convince us that Mr. Ehrlich did not act unreasonably and vexatiously or that he pursued a claim with a plausible basis. *See Steinert*, 440 F.3d at 1223 (discussing timeliness of request for § 1927 sanctions and noting court may recognize applicability of § 1927 only after end of litigation).

[3] Both parties mistakenly refer to *Medtronic* as a Tenth Circuit case. We recognize, however, that both *Medtronic* and this case were before the same district court.

defendants' summary judgment motions in full and two motions for judgment as a matter of law (JMOL), the jury found in favor of the plaintiff. *Id*. at 950. Following trial, the district court granted a new motion for JMOL, which the Federal Circuit affirmed. *Id*. at 951-52. Defendants then sought attorney's fees under § 1927 and patent law. The district court granted fees, but the Federal Circuit reversed. The Federal Circuit determined that fees were not warranted because the evidence was sufficient to go forward with the trial, and the attorney did not prolong the proceedings by going to trial. *Id*. at 957, 965.

In contrast, in this case, the summary judgment decision significantly diminished the number of pending claims to one, the abusive-language claim. The evidence supporting that claim actually was insufficient to go forward. Nonetheless, Mr. Ehrlich improperly prolonged the case proceedings. *Cf. id*. at 954 ("Absent misrepresentation to the court, a party is entitled to rely on a court's denial of summary judgment and JMOL, as well as the jury's favorable verdict, as an indication that the party's claims were objectively reasonable and suitable for resolution at trial.").

Mr. Ehrlich also argues that the district court failed to sufficiently explain the imposition of § 1927 sanctions against him. A court must give reasons for imposing a sanction, but we do not require the court to discuss the court's decision at length. *See Hamilton*, 519 F.3d at 1204; *see also Braley*, 832 F.2d at 1513 (requiring district court to provide basis for imposing § 1927 sanctions). The district court imposed the

sanction in the amount of Standley's attorney's fees incurred after the entry of summary judgment. Stating it had considered the evidence presented to support the abusive-language claim, the court found that Mr. Ehrlich decided to go to trial without plausible evidence to support that claim. While the court's discussion was brief, we conclude it was sufficient for us to understand the court's basis for imposing the sanction.

## COSTS

Ms. Danielson-Holland argues that the district court improperly imposed costs under Rule 54(d) when costs may only be awarded under § 1692k(a)(3) upon a finding that her claims were brought in bad faith and for the purpose of harassment. The Supreme Court recently held that § 1692k(a)(3) does not preclude courts from imposing costs under Rule 54(d). *Marx v. Gen. Revenue Corp.*, No. 11-1175, 2013 WL 673254, at **2, 6, 10 (U.S. Feb. 26, 2013). Accordingly, we conclude that the district court properly imposed costs under Rule 54(d).

CONCLUSION

The judgment of the district court is affirmed.[4]

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[4] In the last sentence of its brief, Standley requests fees and costs on appeal. We deny the request for fees because it is conclusory and because Standley cites no authority supporting a request for fees. Further, if Standley seeks fees under Fed. R. App. P. 38, it has failed to comply with the separate motion requirement. Costs will be assessed as set forth in Fed. R. App. P. 39.

Ms. Danielson-Holland asks us to strike all parts of Standley's brief that do not contain proper record cites or which refer to documents not included in the appendix and to strike the addendum to Standley's brief. In light of our disposition of this case based on the appendix provided by Mr. Ehrlich and Ms. Danielson-Holland, we deny the request as moot.