FILED
United States Court of Appeals
Tenth Circuit

March 23, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SHUN BIRCH,

     Plaintiff - Appellant,

v.

SPRINT/NEXTEL CORPORATION;
SPRINT NEXTEL COMPANY, LP;
SPRINT COMMUNICATIONS
COMPANY, LP; SPRINT
SPECTRUM, LP,

     Defendants - Appellees.

No. 17-3221
(D.C. No. 5:17-CV-03028-SAC-DJW)
(D. Kans.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

This is an action under 42 U.S.C. § 1983, which grew out of a

criminal investigation that resulted in Mr. Shun Birch's conviction for

---

[*]    We conclude that oral argument would not materially help us to decide this appeal. As a result, we are deciding the appeal based on Mr. Birch's appeal brief and the record. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

first-degree murder and conspiracy. Mr. Birch sued his cell-service provider, Sprint/Nextel Corp., for failing to provide the government with potentially exculpatory data in response to a subpoena. Sprint obtained dismissal based on timeliness and failure to state a valid claim.

In reviewing the dismissal, we engage in de novo review. *Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013). Exercising de novo review, we conclude that the suit was untimely.

On timeliness, the district court reasoned that

- a two-year period of limitations exists,

- Mr. Birch admittedly learned by 2014 what Sprint had done, requiring suit by 2016 at the latest, and

- Mr. Birch waited until 2017 to sue.[1]

On appeal, Mr. Birch contends that a four-year period of limitations exists under 28 U.S.C. § 1658(a). But we have held that § 1658 does not apply to § 1983 actions. *Laurino v. Tate*, 220 F.3d 1213, 1217-18 (10th

---

[1] For failure to state a valid claim, the district court reasoned that § 1983 did not apply based on the failure to adequately allege facts reflecting concerted actions between Sprint and the State, the failure to allege a mens rea greater than negligence, and the absence of civil liability under 18 U.S.C. § 2703(e). We need not address this reasoning because we conclude that the action was untimely.

Cir. 2000). Mr. Birch has not provided any other reason to question the district court's disposition on timeliness. Thus, we affirm the dismissal.[2]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[2] We grant Mr. Birch's request for leave to proceed in forma pauperis.