FILED
United States Court of Appeals
Tenth Circuit

June 20, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MANETIRONY CLERVRAIN,

    Plaintiff - Appellant,

v.

RICHARD SCOTT,

    Defendant - Appellee.

No. 18-3143
(D.C. No. 5:18-CV-03041-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

Manetirony Clervrain filed a pro se "Motion for Attempting to File a

Complaint," which the district court liberally construed as a complaint. R. at 11.

The court then ordered Mr. Clervrain to re-file his complaint on court-approved

forms. After Mr. Clervrain failed to do so, the district court dismissed the case (1) for

failure to comply with a court order, Fed. R. Civ. P. 41(b), and (2) for failure of the

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

complaint to state a claim, Fed. R. Civ. P. 12(b)(6), because it contained "nothing but conclusory and vague allegations with no supporting factual averments." R. at 14.

Mr. Clervrain filed a timely notice of appeal from the district court's June 28, 2018 dismissal order. He also filed several post-judgment motions, including a "Motion for Consideration and Opposition." In this motion, he asked the district court to consolidate this closed case with a second case that was opened shortly after this case was dismissed. He asserted that the complaint in the second case should have been filed as an amended complaint in this case.

The district court denied the motion on December 14, 2018. In the denial order, the court explained that the clerk had opened a new case for filing the complaint because "[this case] had been dismissed[,] . . . the document was not designated as an amended complaint, [it] named a single defendant who was not named in [this case], and [it] made numerous seemingly new claims." R. at 39-40. It also noted that "[e]ven if [Mr. Clervrain] had properly identified the document and it had been filed in [this case], it was untimely." *Id*. at 40. The court denied consolidation because this case had already been decided and was on appeal.

Although his brief on appeal is difficult to understand, Mr. Clervrain appears to be challenging the December 14, 2018 order, not the June 28, 2018 order. He states that "the court failed to consolidate [his] cases, which means [that] all motions from [this case] should be transfer[red] to [his second case] if not duplicate[s]." Aplt. Br. at 2. He also asserts that "if the court did accept the complaint in the first place, it [would] not be untimely." *Id*. at 4. The references to the failure to

2

consolidate and to his complaint being untimely appear to address the district court's discussion in its December 14 order. Mr. Clervrain's brief does not mention the substance of the district court's June 28 order.

To the extent Mr. Clervrain is challenging the December 14 order, we lack jurisdiction to consider his arguments because he never filed an amended notice of appeal designating that order for appeal. *See Laurino v. Tate*, 220 F.3d 1213, 1219 (10th Cir. 2000) (explaining that because appellant failed to file an amended notice of appeal from the district court's amended judgment, this court lacked jurisdiction over his challenge to the amended judgment); Fed. R. App. P. 3(c)(1)(B) ("The notice of appeal must . . . designate the judgment, order, or part thereof being appealed[.]"). And because Mr. Clervrain's brief does not address the district court's dismissal of his action for failure to comply with a court order or dismissal of his complaint for failure to state a claim, he has waived any challenge to the June 28 order. *See Wyoming v. Livingston*, 443 F.3d 1211, 1216 (10th Cir. 2006).

Accordingly, we affirm the district court's judgment. We deny Mr. Clervrain's motion for leave to proceed on appeal without prepayment of costs or fees. We remind Mr. Clervrain that he must pay the full filing fee immediately. We deny all other pending motions.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

3