No. 87,389

SUBWAY RESTAURANTS, INC., *et al.*, *Appellees*, v. NANCY KESSLER and DANE BANKS, *Defendants*, and DAVID M. DUREE, *Nonparty Appellant.*

(46 P.3d 1113)

Opinion filed May 31, 2002.

*David M. Duree*, appellant, of O'Fallon, Illinois, argued the cause, and was on the briefs pro se.

*Mark R. Kravitz*, of Wiggin & Dana, of New Haven, Connecticut, argued the cause, and *Stanley N. Wilkins*, of Slagle, Bernard & Gorman, P.C., of Kansas City, Missouri, was with him on the brief for appellees.

The opinion of the court was delivered by

SIX, J.: This case focuses on issues of timeliness and res judicata. The timely filing issue concerns K.S.A. 60-2103(a) (notice of appeal) and K.S.A. 60-260(b) (motions for relief from final judgment). Our resolution of the current contentions of David M. Duree, a nonparty appellant, adds a postscript to *Subway Restaurants, Inc. v. Kessler*, 266 Kan. 433, 970 P.2d 526 (1998), *cert. denied* 526 U.S. 1112 (1999) (*Subway I*).

In the course of previous civil litigation in which Duree, a Missouri attorney, acted as counsel in Kansas *pro hac vice*, a sanction for misconduct in the amount of $5,250 was entered against Duree and cocounsel by District Judge Janice Russell. Judge Russell found that Duree and cocounsel had asserted a fifth amended counterclaim against Doctor's Associates, Inc., (DAI) without any good faith basis in fact or law. Duree, his clients, and cocounsel previously had been sanctioned $1,000 for discovery abuse. *Subway I*, 266 Kan. at 435. Judge Russell imposed $408,445.25 as a third sanction against Duree only. Duree's *pro hac vice* admission was revoked. At the center of the controversy resulting in the third sanction was a manufactured 1989 tax return used by Duree in the case. Duree appealed the $408,445.25 sanction in *Subway I*. We affirmed.

In November 2000, Duree filed two K.S.A. 60-260(b) motions to vacate the second and third sanction judgments. District Judge Lawrence E. Sheppard denied the motions. Duree now appeals.

Our jurisdiction is under K.S.A. 20-3018(c) (transfer on our own motion).

The controlling issue is whether the district court erred by refusing to vacate the sanctions. Finding no error, we affirm.

With reference to the third sanction of $408,445.25, Duree contends that the Kansas courts lacked subject matter jurisdiction. His contention is not persuasive and fails for two reasons: the doctrine of res judicata and the district court's correct ruling on Duree's K.S.A. 60-260(b) motion.

DAI, contending that Duree's appeal is frivolous, filed a Rule 7.07(c) (2001 Kan. Ct. R. Annot. 52) motion for attorney fees and costs on appeal. Although the motion presents us with a close question, the motion is denied.

## FACTS

The underlying facts are found in *Subway I*, 266 Kan. at 434-437. A brief background review is included here to assist in attempting to explain this appeal. DAI, a national franchiser of Subway sandwich shops, began litigation in 1990 against two of its franchise owners, Nancy Kessler and Dane Banks, for eviction,

replevin, and to recover unpaid franchise royalties and arrearages on real estate and equipment leases. (Two cases were filed and later consolidated.) Duree was admitted *pro hac vice* by District Judge Janice Russell as counsel for Kessler and Banks. Duree assumed the role of lead counsel. He filed a series of counterclaims against DAI for its alleged fraudulent inducement of Kessler and Banks to purchase their Subway franchise. Judge Russell sustained DAI's motion for summary judgment on Kessler and Bank's fifth amended counterclaim. She found the counterclaim totally without merit. The Court of Appeals affirmed her decision in an unpublished opinion, No. 75,053, filed February 21, 1997, citing her "thorough and careful examination" of a voluminous record and characterizing her analysis of the uncontroverted facts as "disciplined." *Subway I*, 266 Kan. at 437.

Duree retained the services of Robert Seiffert, a CPA, to prepare an amended 1989 tax return for the Kessler-Banks Subway shop. Judge Russell found that Duree deliberately caused the preparation of a false 1989 partnership tax return to support his clients' fraud counterclaims. In May 1996, Duree's admission to practice in Kansas was revoked, and he was ordered to pay additional sanctions of $408,445.25. District Judge Lawrence E. Sheppard, after Judge Russell recused herself, later denied Duree's K.S.A. 60-259(f) motion to alter or amend and refused to set aside Judge Russell's May 1996 order. We affirmed in *Subway I*.

Duree has unsuccessfully attempted collateral attacks on the *Subway I* judgment in Connecticut, Illinois, and Missouri. See, *e.g.*, *Doctor's Associates, Inc. v. Duree*, 2000 WL 872469 (Conn. Super. 2000); *Doctor's Associates, Inc. v. Duree*, 319 Ill. App. 3d 1032, 745 N.E. 2d 1270, *appeal denied* 195 Ill. 2d 577, 755 N.E. 2d 476 (2001); *Doctor's Associates, Inc. v. Duree*, 30 S.W.3d 884 (Mo. App. 2000) (application for transfer denied December 5, 2000).

On January 28, 1999, the Missouri Board of Accountancy (Board) filed a complaint against Robert Seiffert, Mahlon Rubin, and the accounting firm of Rubin, Brown & Gornstein. The complaint charged that they subordinated their professional judgment to Duree and prepared false income tax returns. Duree was not a

party to the Missouri administrative proceeding. The Board later dismissed the complaint without prejudice. An investigation was conducted under the terms of a letter agreement that permitted the Board to reopen the case if the investigation supported the charges.

The Board found no violations of the applicable statutes or its rules and regulations in the preparation of the amended tax return. On September 7, 1999, the executive director of the Board issued a letter in which he said the Board was closing its file on the matter.

The next year, Duree returned to Kansas to litigate again. On November 20, 2000, he filed the two K.S.A. 60-260(b) motions at issue here. With respect to the 1995 sanction, Duree argued below that the $5,250 was included in the 1996 sanction of $408,455.25. He also asserted that he had not signed or prepared the summary judgment opposition papers upon which the 1995 sanction was based. With respect to the 1996 sanction, Duree raised the same arguments that had failed in Missouri, Illinois, and Connecticut courts: *i.e.*, (1) Kansas did not have subject matter jurisdiction to sanction him, (2) the $408,445.25 sanction was invalid because it was allegedly awarded after costs were taxed, and (3) DAI released him from the sanction judgments as part of a "global settlement" with his Illinois clients in 1997.

Duree specifically argues on appeal that (1) the 1996 sanction of $408,445.25 was void due to a lack of subject matter jurisdiction, and (2) the 1995 sanction of $5,250 was void because he did not sign the pleadings. Duree also contends that his K.S.A. 60-260(b) motions were filed in a timely manner.

## DISCUSSION

According to the district court, Duree did not timely file his K.S.A. 60-260(b) motions. On appeal, Duree focuses on K.S.A. 60-260(b)(4) (void judgment). Subsections (1), (2), and (3) of K.S.A. 60-260(b) require that such motions be made no more than 1 year after the judgment was entered. Duree filed his motions under subsections (4), (5), and (6). Proceeding under subsections (4), (5), and (6) of K.S.A. 60-260(b), the motion must be filed within a "reasonable time." K.S.A. 60-260(b) says, in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or said party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

Duree told us at oral argument, "I'm not arguing to this court that the decision of the Missouri Board of Accountancy is binding on this court, but that it has some persuasive value *and is what prompted the current motions before this court.*" (Emphasis added.)

### The 1996 Sanction of $408,445.25

Here, Duree asserts that the 1996 sanction should be vacated because Kansas courts "lacked subject matter jurisdiction to determine that the amended 1989 tax return was a 'false tax return.'" He reasons that the 1996 judgment was void because the district court erroneously determined a question of federal tax law. According to Duree, Judge Russell lacked jurisdiction to determine that the amended 1989 federal tax return was a false return. As a preliminary matter, Duree asserts that the evidence did not support the district court's original finding that he presented a "false tax return." This issue was previously decided in *Subway I*. See 266 Kan. 433. Duree was represented by counsel in *Subway I*. He failed to file a motion for rehearing or modification of *Subway I* under Rule 7.06 (2001 Kan. Ct. R. Annot. 51). Here, 2 years after the mandate in *Subway I* has issued, he attempted under K.S.A. 60-260(b) to question the conclusions of DAI's tax expert Ned Allen Ford, Distinguished Professor of Accountancy at Kansas University. DAI had submitted Professor Ford's affidavit. Ford supported DAI's claim that Duree had asserted the Kessler-Banks fraud claims in bad faith. (DAI also submitted the affidavit of Geoffrey C. Hazard, Jr., Professor of Law, University of Pennsylvania). See *Subway I*, 266 Kan. at 438.

DAI argues that if Duree believed that Professor Ford's conclusions concerning the accuracy of the amended tax return were

flawed, he was required to counter that opinion by introducing expert testimony during the 1996 sanction hearing. We agree. The district judge reasoned:

"The complaint is, as best I understand your argument, Mr. Duree, that the Kansas court was not competent to make judgment with respect to whether or not the tax return that Judge Russell found to have been fraudulently prepared, was in fact a fraudulent document. And that particular argument was made and presented both to Judge Russell, I assume, and certainly the opportunity was there to present it to the Kansas Supreme court. If that was not done, certainly the opportunity was available."

Duree also argues that the district court lacked subject matter jurisdiction to decide whether the 1989 amended tax return was a "false tax return."

Judge Sheppard disposed of this assertion by ruling:

"The court does not find the underlying sanction that was entered and affirmed by the Kansas Supreme Court to be in any way tainted by the argument that the court did not have jurisdiction to determine an issue involving the United States Internal Revenue Code. It [the sanction] was a matter of discipline. And subsequently, the judgment is not void as a matter of law, that is, the sanctions that were imposed."

Duree's attempt to revisit the $408,445.25 sanction is barred by the doctrine of res judicata. The doctrine prevents litigation where there is (1) identity in the things sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity in the quality of the persons for or against whom the claim is made. *Colorado Interstate Gas Co. v. Beshears*, 271 Kan. 596, 610, 24 P.3d 113 (2001); see also *In re Estate of Reed*, 236 Kan. 514, 519, 693 P.2d 1156 (1985) (res judicata applies to "every question which might have been presented and decided"). We have said the doctrine as applied "is inexorable in making a judgment binding so as to shut off further inquiry no matter how clear the mistake of fact or how obvious the misunderstanding of law." *Goetz v. Board of Trustees*, 203 Kan. 340, 349, 454 P.2d 481 (1969).

Judge Sheppard commented:

"You [Duree] are rearguing the same matters that have previously been presented . . . .

"[Y]ou have had every opportunity to have presented these arguments, and did in fact present them and they were ruled upon as part of the earlier proceedings in this case that have been finalized by way of the Kansas Supreme Court's affirming the sanctions imposed by Judge Russell and which were reviewed in an evidentiary hearing that I conducted in December of '99 . . . ."

We agree with Judge Sheppard. Duree is barred from making claims here that the evidence did not support the findings supporting Judge Russell's sanction and that the district court lacked subject matter jurisdiction.

As the Illinois appellate court observed in *Doctor's Associates, Inc. v. Duree*, refusing to vacate our *Subway I* judgment domesticated in Illinois:

"Judge Russell did not proceed under any federal tax law, or regulation nor professional rule in making her decision but, rather, acted under K.S.A. 60-2007 and 60-211, the statutes upon which DAI's motion was predicated. The findings of the Kansas court cited by Duree represent simply factual determinations made by the judge in considering whether the Kessler/Banks counterclaim lacked a good-faith filing, and, thus, was sanctionable. The record fails to show, as advocated by Duree, that the Kansas court was without the proper jurisdiction to render its decision." 319 Ill. App. 3d at 1042.

### The 1995 Sanction of $5,250

As an initial counter point, DAI argues that Duree's motion to vacate the 1995 sanction was untimely. DAI asserts that Duree gave no reason for waiting 5 years after the 1995 sanction was awarded to move to vacate the judgment. There is no dispute that Duree did not challenge his $5,250 sanction in *Subway I*, 266 Kan. 433. Duree argues that the $5,250 sanction award did not become final until all other claims in the consolidated cases were resolved on June 12, 2001, before the district court.

A clarification of the time line of events is helpful here. The district court consolidated Subway's initial case, an eviction action also claiming unpaid rent (Case No. 91-C-2679, filed February 1990), with DAI's separately filed breach of contract, tortious interference of contract, and replevin action (Case No. 90-C-12370, also filed in 1990). In September 1995, the district court awarded a sanction of $5,250 against Duree and his cocounsel. (In the case caption the journal entry included No. 91-C-2679, Court No. 7:

Chapter 60; Formerly No. 90-C2344, Court No. 1, Chapter 61; Cause No. 90-C-12370, Court No. 7, Chapter 60.) Duree filed a notice of appeal. However, DAI moved for additional sanctions. DAI requested that the Court of Appeals decline to review the 1995 sanction judgment until after the district court decided DAI's other sanctions motion. Duree's appeal was dismissed. On November 27, 2000, the district court entered a journal entry of judgment saying, "All other matters in this case are hereby dismissed without prejudice." The caption on the order only listed Case No. 91-C-2679, DAI's eviction case.

On December 29, 2000, Duree moved for clarification and, in the alternative, additional time to appeal the September 1995 sanction award. Duree argued that it was not clear whether the district court's November 27, 2000, order applied to the consolidated cases or just the replevin case. He also argued that the 1995 journal entry designating a sanction of $5,250 was not appealable until all consolidated cases were determined. Duree contended that it was unclear whether the district court intended to dismiss the 1995 judgment.

On June 12, 2001, the district court denied Duree's motion for clarification and additional time to appeal the 1995 judgment. Regarding the November 27, 2000, journal entry, Judge Sheppard said the objective was to close all remaining files, which included Case Nos. 90-C-12370 and 91-C-2679. The district court noted that the dismissal of those claims did not affect the 1995 and 1996 sanctions against Duree.

Duree contends that "[o]n its face," the November 27, 2000, judgment did not dismiss the consolidated cases. Thus, he concludes that it was not a final judgment for purposes of appealing the 1995 sanction award. Duree filed his notice of appeal here June 22, 2001. Duree obviously failed to appeal the 1995 sanction within 30 days of the November 27, 2000, judgment. See K.S.A. 60-2103(a).

The record shows that on some documents file stamped before November 27, 2000, the case caption was as follows:

"No. 91-C-2679
Court No. 7: Chapter 60

Formerly
No. 90-C-2344
Court No.1;
Chapter 61
(Consolidates with
Cause No. 90-C-12370
Court No. 7;
Chapter 60)."

This notation shows that the parties had notice that documents referencing Case No. 91-C-2679 included the consolidated Case No. 90-C-12370. Other documents only listed Case No. 90-C-12370 in the case caption. At the January 26, 2001, hearing on the motion for clarification of the order dismissing all matters, the district court noted that counsel for both DAI and Duree participated in telephone conferences regarding "finalizing the form of the journal entry to be filed." Thus, the parties understood that the matters continued to be consolidated.

Duree's appeal of the 1995 sanction was not timely; thus, we need not reach his contention that the 1995 sanction judgment was void under K.S.A. 60-211 because he did not sign the pleadings upon which the sanction was based.

### The K.S.A. 60-260(b) Motions

Finally, Duree argues that the district court erred in finding that his K.S.A. 60-260(b) motions challenging the 1995 and 1996 sanctions were not timely filed. One 60-260(b) motion was directed at the $5,250 sanction entered September 12, 1995. The K.S.A. 60-260(b) motion directed at the 1996 sanction was filed just over 14 months after the Board's September 7, 1999, decision to close the file on the Seiffert, Rubin, and the firm of Rubin, Brown & Gornstein tax return investigation.

A ruling on a motion to vacate and set aside a judgment rests largely within the district court's discretion. Without a showing of abuse of discretion this court on appellate review will not reverse the district court's order. *Lee v. Brown*, 210 Kan. 168, 170, 499 P.2d 1076 (1972). We find no abuse of discretion in Judge Sheppard's denial of Duree's K.S.A. 60-260(b) motion on the 1995 sanction.

One of Duree's problems here, concerning the 1996 sanction, is that he fails to explain why his "new evidence" could not have been presented before. The district court found:

"[W]ith respect to newly discovered evidence . . ., the opportunity was available as part of the earlier proceedings to have presented such evidence and if this court were to consider the release, to have done so."

K.S.A. 60-260(b)(2) allows the court to relieve a party or the party's legal representative from a final judgment order where there was "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under K.S.A. 60-259." Apparently Duree attempted to side-step the K.S.A. 60-260(b)(2) 1-year statutory time limit by deciding to file his motions under subsection (4).

Duree could have presented additional evidence concerning the validity of the amended 1989 tax return in the earlier proceedings. Duree has failed to show that the district court abused its discretion in finding that his 60-260(b) motion challenging the 1996 sanction was untimely.

In his appellate brief, Duree mentions in passing that he is entitled to relief under K.S.A. 60-260(b)(4) *or* (6). Subsection (6) allows relief where there is "any other reason justifying relief from the operation of the judgment." The general rule is that the first five grounds of K.S.A. 60-260(b), that are specific, and the sixth, that is the general catch-all, are mutually exclusive. K.S.A. 60-260(b)(6) is not available if the asserted grounds for relief are within the coverage of another provision of K.S.A. 60-260(b). *State ex rel. Secretary of SRS v. Keck*, 266 Kan. 305, Syl. ¶ 1, 969 P.2d 841 (1998). Since Duree's asserted grounds for relief are covered within 60-260(b)(4) (void judgment), there is no need to reach the 60-260(b)(6) contention.

### Frivolous Appeal

DAI has requested that we rule that Duree's appeal is frivolous under Supreme Court Rule 7.07(c) and assess Duree the cost of reproduction of DAI's brief and reasonable attorney fees. See Supreme Court Rules 7.07(b) and (c) (2001 Kan. Ct. R. Annot. 52) and 5.01 (2001 Kan. Ct. R. Annot. 31). We decline to do so.

DAI says in its brief:

"As Judge Russell commented early in the case, 'I don't think that any judge likes to award sanctions.' Apparently adhering to that sentiment, in the proceedings below, Judge Sheppard thought that DAI's motion to sanction Mr. Duree was a 'close call,' but declined to grant it, because of Mr. Duree's emotional involvement in advancing his position. Though DAI disagrees with Judge Sheppard's ruling, DAI has not appealed it because DAI recognizes . . . that awarding sanctions is a matter that lies within the sound discretion of the trial court. However, the District Court's decision not to sanction Mr. Duree's filing of the motion to vacate does not prelude this Court from concluding that Mr. Duree should be sanctioned for filing a frivolous appeal."

In his response, Duree argues that the 1995 sanction was not originally declared a final judgment. See K.S.A. 2001 Supp. 60-254. A search of the record shows that in 1995, Duree attempted to appeal the $5,250 sanction. Duree argued that the order for sanctions was appealable, but DAI countered that the 1995 sanction was not appealable until all pending matters were resolved. The Court of Appeals agreed with DAI, and the appeal was dismissed.

Although one would logically presume that Duree could have appealed the 1995 sanction at the same time he appealed the 1996 sanction in *Subway I*, the issue is not so easily resolved. In the journal entry awarding the 1996 sanction, the district court said: "There is no just reason for delay from this final judgment, and an immediate appeal may materially advance the ultimate termination of the litigation." This language suggests finality to the actions upon which the 1996 sanction was based.

The 1995 sanction was based upon the same underlying misconduct. However, the journal entry awarding the 1995 sanction did not contain the specific language indicating finality. In paragraph one, it said: "This matter shall be stayed and no trial date set on plaintiff's Petition pending resolution of any appeal of the Court's order and final judgment, as set forth in the August 7, 1995 Journal Entry, granting DAI's motion for summary judgment."

Based on the circumstances surrounding the 1995 sanction and its finality, one could argue that Duree could not have appealed the 1995 sanction until all pending matters were resolved. The

district court did not dismiss all remaining claims until November 27, 2000.

We also observe that the 1996 sanction of $408,445.25 affirmed in *Subway I* included attorney fees in the amount of $272,263.51, for Wiggin & Dana, and $74,077.03, for Turner and Boisseau, Kansas counsel. 266 Kan. at 448.

Affirmed.