(196 P.3d 375)
No. 98,529

CYNTHIA CRIM, *Appellant,* v. BRIAN R. CRIM, *Appellee.*

—

Opinion filed July 25, 2008.

*Christopher N. Behre* and *Lowell C. Paul,* of Kansas Legal Services, for appellant.

No appearance by appellee.

Before BUSER, P.J., MARQUARDT and STANDRIDGE, JJ.

BUSER, J.: Cynthia Crim filed a pro se petition for protection from abuse (PFA) against her former husband, Brian Crim, pursuant to the Protection From Abuse Act (PFAA), K.S.A. 60-3101 *et seq.* The district court dismissed the petition for lack of jurisdiction. Cynthia filed a motion to set aside the dismissal, which the district court denied. She appeals the district court's dismissal of the petition and denial of the motion to set aside the dismissal. We

reverse the district court's dismissal of the petition and remand for further proceedings.

## Factual and Procedural Background

Cynthia and Brian were married in 2001 but had been separated since the summer of 2006. The Crims had legal custody of their two minor children. Cynthia also had legal custody of another minor child from a prior relationship. Cynthia had previously filed a petition for protection from abuse in Douglas County on June 12, 2006, for herself and the two oldest children. On January 23, 2007, Cynthia completed and filed a standardized form petition for protection from abuse against Brian. She filed the petition pro se while noting the name of her attorney on the form.

In her petition, Cynthia alleged Brian "willfully placed me in fear, by physical threat, of imminent bodily injury" on January 17 and January 19-21, 2007. In response to the form petition's directive to "[d]escribe the factual basis for your requesting a protection from abuse order," Cynthia handwrote:

"During Brian's visit with our children he drove around Olathe searching for me with an unheated vehicle. Left message 'you better get home, I'm staring at the back of your head right now.' (Jan. 17, 07)

"After picking up our children for his weekend visit he called me within 15 minutes 'you need to tell me where you will be this weekend.' Brian preseeded [*sic*] to call me constantly throughout the weekend demanding to know where I was and that I needed to call him back. Friday night he left me a message 'your baby is not breathing, call me back imedeatly [*sic*].' Brian loaded the 3 children into his unheated car and searched for me until Saturday 3:00 when he stopped his car in the midelle [*sic*] of 2300 rd. attempting to block my path I drove around and called 911 he followed pulled around in front of me and Braked, I went around repeated several times down 33 hw. (Case #03-07-186)

"Sunday morning Brian left numerous voice mails threating [*sic*] to 'kick in my door' if I didn't call him back. He also said he was going to let our children starve and freaze [*sic*] if I didn't return these calls (recorded on voice mail). [*sic*] He left me a measage [*sic*] saying he would 'make my parents pay'. [*sic*] (They were helping me hide this weekend). [*sic*] I have spent the entire weekend terrified of him and for my childrens [*sic*] safety."

Cynthia requested a temporary restraining order to restrain Brian from abusing, molesting, and interfering with the privacy rights of herself and the minor children, and from entering or com-

ing on her property. She also requested temporary custody of the minor children and supervised visitation for Brian. Cynthia indicated that she would request a permanent restraining order at the hearing on her petition. In particular, she requested that the court restrain Brian from abusing, molesting, and interfering with her privacy rights, sought custody of the minor children, and requested establishment of visitation rights with regards to the minor children.

On the same day the petition was filed, the district court summarily dismissed it without prejudice. The order indicated the reason for the dismissal was "insufficient allegations for jurisdiction." The order also contained the following statement: "Petitioner should seek to modify the custody/visitation temporary orders in the divorce case 2006 DM 606 entered on December 22, 2006. Petitioner should follow the Amended Temporary Parenting Plan and seek mediation of disputes as required by the Parenting Plan."

Through counsel, Cynthia filed a motion to set aside the dismissal. Brian filed a motion to quash, arguing that a hearing had already been set regarding temporary custody in their divorce case.

At the hearing on Cynthia's motion to set aside the order of dismissal, she withdrew the portion of the petition relating to the children because the parenting time and custody issues had been resolved the day before in the divorce proceeding. Nevertheless, Cynthia reaffirmed the portion of the petition relating to Brian's contact with her.

After argument, the district court stated that it had reviewed Cynthia's PFA petition and case file, her 2006 PFA petition, and the pending divorce case file. The district judge concluded:

"So, considering all of that information together I, in evaluating the petition and considering the fact that a hearing had just been held in the domestic case and temporary orders had just been issued in the domestic case prior to — shortly before this petition was filed, I determined that the allegation, taking all of them as true as set forth by the petitioner, that the written description of what happened didn't — did not meet the requirement of the protection from abuse act in establishing the findings of intentionally causing bodily injury, intentionally attempting to cause bodily injury, or the fear of eminent bodily injury by threat."

The district court acknowledged the parties had a "horrible relationship" and that their relationship did not seem to be improving

despite their many court appearances. The district court concluded that the allegations in the petition did not "meet the requirements for the act under the context of all of that information that I described."

In its journal entry filed after the hearing, the district court explained its decision to deny the PFA petition without a hearing:

"On January 23, 2007, petitioner filed the second protection from abuse case, five days after the judge in Division 3 entered the agreed parenting plan. Petitioner requested sole custody and sought to revisit the previously entered visitation orders of the judge in Division 3. The allegations in the petition for a temporary order of protection from abuse was [sic] construed in favor of the petitioner with her allegations considered as true and was denied, without a hearing, due to insufficient allegation for jurisdiction and after the Court took judicial notice of the parties' prior proceedings in district court over the last 6 months relating to custody and visitation of their child [D.]. The parties were instructed to seek modification of the parenting plan entered in the divorce case and to seek mediation to resolve any disputes relating to parenting as was ordered by the judge in the divorce case."

The district court did not specifically address Cynthia's allegations that she was afraid due to Brian's physical threats of imminent bodily injury.

Cynthia timely appealed the district court's order dismissing her PFA petition and her motion to set aside the dismissal of her petition.

## Discussion

On appeal, Cynthia contends the district court erred in dismissing her PFA petition due to insufficient allegations to establish jurisdiction. Cynthia argues the petition contained sufficient allegations of abuse to confer jurisdiction upon the district court. She maintains that her allegations in the petition show that Brian willfully placed her in fear, by physical threat of imminent bodily injury, and that the district court improperly considered the underlying divorce and child custody proceedings in reaching its decision to dismiss. Brian did not file an appellate brief.

Whether the district court had jurisdiction over Cynthia's PFA petition is a question of law over which this court's scope of review is unlimited. See *In re Marriage of Wherrell*, 274 Kan. 984, 987,

58 P.3d 734 (2002). Additionally, a ruling on a motion to set aside judgment pursuant to K.S.A. 60-259 will not be reversed on appeal absent a showing of abuse of discretion. *Subway Restaurants, Inc. v. Kessler*, 273 Kan. 969, 977, 46 P.3d 1113 (2002). An abuse of discretion may be found if the district court's decision goes outside applicable legal standards. *State v. Edgar*, 281 Kan. 30, 38, 127 P.3d 986 (2006). Accordingly, an appellate court reviews whether the district court's discretion was guided by erroneous legal conclusions. *State v. Gary*, 282 Kan. 232, 236, 144 P.3d 634 (2006).

The PFAA contains a provision specifically governing jurisdiction, which provides that any district court shall have jurisdiction over all proceedings under the protection from abuse act. K.S.A. 60-3103. To seek relief under the PFAA, an intimate partner or household member may file a verified petition with any district judge or with the clerk of the court alleging abuse by another intimate partner or household member. K.S.A. 60-3104(a). In part, abuse is defined as

"the occurrence of one or more of the following acts between intimate partners or household members:

"(1) Intentionally attempting to cause bodily injury, or intentionally or recklessly causing bodily injury.

"(2) Intentionally placing, by physical threat, another in fear of imminent bodily injury." K.S.A. 60-3102(a).

The PFAA shall be liberally construed to promote the protection of victims of domestic violence from bodily injury or threats of bodily injury and to facilitate access to judicial protection for the victims, whether represented by counsel or proceeding pro se. K.S.A. 60-3101(b).

The district court dismissed Cynthia's petition "[d]ue to insufficient allegations for jurisdiction." In the petition, Cynthia identified several incidents allegedly perpetrated by Brian against Cynthia, including harassing phone calls and voice messages threatening violence against Cynthia, her children, and her parents, and driving his vehicle in a reckless manner which threatened the safety of Cynthia and her children. These actions, construed liberally to facilitate the PFAA's stated goal of promoting access to judicial protection for victims of domestic abuse, satisfied the stat-

utory definition of abuse sufficient to establish jurisdiction with the district court. As our court has previously stated in a related context, there is no bright-line rule that the victim must actually show that she or he has shed blood or suffered real physical pain in order to obtain an order which may avoid that outcome. *Trolinger v. Trolinger*, 30 Kan. App. 2d 192, 197, 42 P.3d 157 (2001), *rev. denied* 273 Kan. 1040 (2002).

The statutory scheme of the PFAA is designed to promote protection of victims and make access to the courts prompt and easy. *Trolinger*, 30 Kan. App. 2d at 198. Because the district court's determination that it lacked jurisdiction over Cynthia's petition was in error, the district court's decision to deny Cynthia's motion to set aside the dismissal was guided by an erroneous legal conclusion.

Finally, in its determination that it had no jurisdiction to proceed on Cynthia's PFA petition, the district court denied considering related matters, such as the Crims' divorce proceeding, the prior PFA petition filed by Cynthia, and the remedies available to Cynthia in the divorce proceeding or possible criminal prosecution. Still, the district court mentioned these related matters frequently in its analysis of Cynthia's PFA petition.

We reaffirm that ongoing divorce proceedings are not a jurisdictional bar to an individual pursuing a claim under the PFAA. The PFAA explicitly states that the remedies it provides are "in addition to any other available civil or criminal remedies." K.S.A. 60-3109; see *Myers v. Myers*, No. 92,628, unpublished opinion filed June 24, 2005.

The dismissal of the petition is reversed, and the matter is remanded for further proceedings in accordance with K.S.A. 60-3106.